UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LAMAR MCCORY, | ) | CASE NO. 4:05 CV 1668 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On June 24, 2005, pro se petitioner Lamar McCrory filed the above-captioned petition for writ of habeas corpus against respondent United States of America pursuant to 28 U.S.C. §§ 2241 and 2255.¹ Mr. McCrory seeks to vacate his sentence based on ineffective assistance of counsel.

*Background*

Mr. McCrory was indicted on June 22, 1995 by a grand jury in the United States District Court for the Eastern District of Pennsylvania and charged with violating 18 U.S.C. § 2113(d) and 18 U.S.C. § 924(c)(1). United States v. McCrory, No. 2:95cr0338, (E.D. Pa. filed June 22,

---

¹Although the case caption and the signature block identify petitioner as "McCory," all relevant court documents and petitioner's inmate number identify him as "McCrory." Therefore, the court will refer to the petitioner as Mr. McCrory.

1995). A superceding indictment was issued on September 12, 1995 wherein petitioner was charged with two co-conspirators of committing armed bank robbery and using a firearm during a crime of violence. He claims that after a jury failed to reach a verdict, the court declared a mistrial on February 15, 1996.

A second superceding indictment was issued on May 1, 1996 charging petitioner with violations of 18 U.S.C. § 371, 18 U.S.C.§ 924(c)(1) and 18 U.S.C. § 2113. A jury returned a conviction on June 27, 1996 finding Mr. McCrory guilty on three of the four counts charged in the indictment. The court sentenced him on September 10, 1996 to 310 months in prison. He appealed his conviction on September 12, 1996.[2]

*Analysis*

In his petition before this court Mr. McCrory argues that this court has jurisdiction over his petition pursuant to § 2241 because he has new evidence which proves he is "actually innocent," as that term is explained in <u>Martin v. Perez</u>, 319 F. 3d 799 (6th Cir. 2003). He claims he has "new and reliable evidence" which raise the requisite level of doubt regarding his guilt. Mr. McCrory maintains that the ineffectiveness of his trial counsel, in failing to conduct a reasonable investigation into the testimony of Katie Carter and Margie Burrell as defense witnesses, resulted in the conviction of an innocent man.

---

[2]The Court of Appeals affirmed the district court's conviction of Mr. McCrory on July 22, 1997. He filed a motion to vacate pursuant to 28 U.S.C. § 2255 on February 5, 1998, which the district court denied on July 24, 1998.

2

*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).

Thus, a federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); Charles, 180 F.3d at 755-56; Capaldi, 135 F.3d at 1123.

Although Mr. McCrory previously filed a § 2255 motion, he now suggests that remedy is inadequate because he is actually innocent, and he asserts he is entitled to this court's federal habeas relief under the "savings clause." In the Sixth Circuit, actual innocence is the only exception under the savings clause that a district court may recognize. See Charles v. Chandler, 180 F.3d 753, 757 (6th Cir.1999). " 'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Martin, 319 F.3d at 804 (quoting in Bousley v. United States, 523 U.S. 614, 623 (1998)). "Actual innocence" in this regard

3

means factual innocence, rather than mere legal insufficiency. Id.  Therefore, it is generally where a prisoner can show that an intervening change in the law establishes his actual innocence that he may invoke the savings clause of § 2255 and proceed under § 2241. See Martin, 319 F.3d at 804; United States v. Peterman, 249 F.3d 458, 462 (6th Cir. 2001)("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence").

Mr. McCrory has failed to show that his § 2255 remedy is inadequate or ineffective. A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. Peterman, 249 F.3d at 461. Furthermore, unlike other prisoners who have obtained review of their viable innocence claims under § 2241 because they did not have a prior opportunity to present their claims, see, e.g., In re Davenport, 147 F.3d 605, 609, 611 (7th Cir.1998), Mr. McCrory had the opportunity to raise his claim in a § 2255 motion to vacate and did so.[3] Consequently, there is no basis in law for this court's subject matter jurisdiction over petitioner's

---

[3]Courts have added that the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998).

(continued...)

claim pursuant to § 2241.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

       /s/Dan Aaron Polster 8/22/05
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[3](...continued)

[4] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith."